-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA COWAN,

           Plaintiff,

           -v-

PRESIDENT GEORGE W. BUSH,
United States of America,

           Defendant.

**DECISION and ORDER**
07-CV-136S(Sr)

---

## INTRODUCTION

Plaintiff Linda Cowan has filed this *pro se* action against the President of the United States purportedly under the "No Fear Act" of 2002[1] alleging that the undersigned "illegally dumped [dismissed]" her prior employment discrimination case against her former employer, the Internal Revenue Service (00-CV-0315S) and that the President should be made aware of this and held accountable. Plaintiff has requested permission to proceed *in forma pauperis* (Docket No. 2) and moved for my recusal (Docket No. 3). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, the motion to recuse is denied and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C.

---

[1] Notification and Federal Employment Anti-Discrimination and Retaliation Act of 2002, Pub.L. 107-174, 116 Stat. 566 [5 USCA § 2301 Note]. *See Mills v. Barre*, No. Civ.A. 3:03CV735, 2004 WL 3335448 (E.D.Va., March 8, 2004 ("[S]overeign immunity [has not] been waived, jurisdiction been granted, [n]or a cause of action against the federal government been created under the No FEAR Act or the FMLA.")

provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## DISCUSSION

Initially, the Court notes that a President of the United States is absolutely immune from civil suits based on his official acts. *See Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982) (recognizing "absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility"); *see also Clinton v. Jones*, 520 U.S. 681, 694, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). Accordingly, whatever the true nature of plaintiff's allegations against the President of the United States is, the complaint must be dismissed.

Additionally, the instant complaint is truly nothing more than a litigant's attempt to express her displeasure about the Court's dismissal of an earlier lawsuit and to have it reviewed anew or reconsidered.[2] Plaintiff's complaint is simply frivolous and without merit, and must be dismissed.

Lastly, plaintiff's motion to recuse the undersigned for what she complains was my illegal action in dismissing her prior lawsuit is baseless and must be denied. *See* 28 U.S.C. § 455.

---

[2] The notice of appeal filed by plaintiff from the dismissal of her previous action was dismissed by the Court of Appeals on the ground that the appeal lacked an arguable basis in fact or law. (00-CV-0315S, Docket No. 64, Mandate).

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that plaintiff's motion to recuse the undersigned is denied; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:     March 25, 2007
           Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge